IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHNNY YATES, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:23-cv-00361 |
| ) | JUDGE RICHARDSON |
| v. ) | |
| ) | |
| BOING US HOLDCO, INC., | |
| | |
| Defendant. | |

## **MEMORANDUM OPINION**

This case was originally filed by Plaintiff in the Circuit Court of Rutherford County ("Circuit Court"), Tennessee, as that court's Case No. 23 74CC1-2022-CV-365. On April 17, 2023, Defendant filed a Notice of Removal seeking to remove the case to this Court. (Doc. No. 1).

Plaintiff then filed a motion to remand this case to state court (Doc. No. 7, "Motion"), supported by an accompanying memorandum (Doc. No. 8). Defendant filed a response in opposition (Doc. No. 9, "Response"), and Plaintiff filed a reply (Doc. No. 10).

BACKGROUND

This action arises out of a slip and fall incident at Take 5 Car Wash in Robertson County, Tennessee, on December 27, 2022. Plaintiff commenced this action by filing a Complaint in Circuit Court against Driven Brands Holdings, Inc., d/b/a/ Boing US Holdco, Inc., d/b/a Take 5 Car Wash ("Defendant"), and Broadstone ICW Portfolio, LLC ("Broadstone ICW"), wherein Plaintiff prayed for damages of at least $250,000. (Doc. No. 1-2 at 8).[1] At the time this action was thus commenced, Plaintiff was a citizen of Tennessee, Defendant was a Delaware corporation with

---

[1] When citing to a page in a document filed by one of the parties, the Court endeavors to cite to the page number ("Page __ of __") added by the Clerk's Office as part of the pagination process associated with Electronic Case Filing if such page number differs from the page number originally provided by the author/filer of the document.

its principal place of business located in North Carolina (Doc. No. 7-1), and Broadstone ICW was a New York limited liability company ("LLC") with its principal place of business located in New York (Doc. No. 7-2).[2]

Service of process was effectuated upon Defendant and Broadstone ICW on or about January 5, 2023 (Doc. No. 1-2), and on February 7, 2023, Defendant filed its answer (Doc. No. 1-2). On March 23, 2023, Judge Adrienne Fry of the Circuit Court executed an Order ("Agreed Order") dropping Broadstone ICW from the case and correcting a misnomer of Defendant. (Doc. No. 1-1). Defendant filed a Notice of Removal in this Court, predicating removal on diversity jurisdiction under 28 U.S.C. § 1332 on April 17, 2023. (Doc. No. 1). Now pending before the Court is the instant Motion wherein Plaintiff seeks remand of this case to Circuit Court on the purported basis that Defendant did not timely file its Notice of Removal. (Doc. No. 7).

<u>REMOVAL GENERALLY, AND STANDARDS ON MOTION TO REMAND</u>

A defendant generally may remove "any civil action brought in a State court" to the federal district court covering the place where the state-court action was brought, if a federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Meadows v. Douglass*, No. 3:20-cv-00355, 2020 WL 2319784, at *1 (M.D. Tenn. May 11, 2020).

The party removing the action to federal court bears the burden of showing that the district court has original jurisdiction over the action. *Watson v. Cartee*, 817 F.3d 299, 303 (6th Cir. 2016); *Schmidt v. PennyMac Loan Servs., LLC*, 106 F. Supp. 3d 859, 873 (E.D. Mich. 2015).

Because they implicate federalism concerns, removal petitions are strictly construed, with all doubts resolved against removal. *Gooden v. Unum Life Ins. Co. of America*, 181 F. Supp. 3d 465, 470 (E.D. Tenn. 2016); *Hughen v. BHG Nashville #1, LLC*, No. 3:20-cv-00236, 2020 WL

---

[2] For the reasons set forth below, the Court accepts these allegations as true for purposes of the instant Motion.

2557961, at **3–4 (M.D. Tenn. May 20, 2020). Thus, unlike with various other kinds of motions, on a motion to remand the non-movant starts out in an unfavorable position.

There are two basic types of subject-matter jurisdiction:[3] federal-question jurisdiction and diversity-of-citizenship (also known as simply "diversity") jurisdiction. 28 U.S.C. §§ 1331, 1332. Defendant here has premised removal on diversity jurisdiction. Diversity jurisdiction exists when the plaintiff presents a claim between parties who are citizens of different states and the amount in controversy on that claim exceeds $75,000.[4] *See* 28 U.S.C. § 1332(a). Where appropriate, a case may be removed to federal court based on diversity jurisdiction, just as with federal-question jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014).

"To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Numerous other courts have stated that, as strongly suggested by the Sixth Circuit, "[w]hen deciding a motion to remand, the Court accepts as true the complaint's allegations at the time of removal." *Roberts v. Smith & Wesson Brands, Inc.*, No. 22-CV-6169, 2023 WL 6213654, at *1 (N.D. Ill. Sept. 25, 2023); *accord, e.g., Jamison v. Kenneth M. Levine & Assocs., LLC*, No. CV 5:22-01829-MGL, 2022 WL 10067539, at *2 (D.S.C. Oct. 17, 2022) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988)). And the Court agrees with those numerous courts

---

[3] The instant Motion implicates only issues of subject-matter jurisdiction, and not personal jurisdiction, and so the Court limits its discussion herein accordingly.

[4] The parties do not dispute that the amount in controversy has been met for purposes of diversity jurisdiction. As such, the Court will not address this issue.

that have noted that when considering a motion to remand, the district court not only accepts as true all relevant allegations contained in the complaint but also construes all factual ambiguities in favor of the plaintiff. *E.g.*, *Wilkinson v. Jackson*, 294 F. Supp. 2d 873, 877 (S.D. Miss. 2003) (citing *Willy v. Coastal Corp.,* 855 F.2d 1160, 1163–64 (5th Cir.1988)).

LAW AND ANALYSIS

If a complaint filed in state court shows that a federal district court would have jurisdiction over the case, a case is removable to federal district court. A defendant may remove a removable case by filing a notice of removal in the applicable district court. 28 U.S.C. § 1446(a). A notice of removal, however, must be filed within thirty days after the defendant received service of the initial pleading. 28 U.S.C. § 1446(b)(1)[5]. Otherwise, the defendant may file a notice of removal within thirty days after receiving the "paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. § 1446(b)(3).[6]

---

[5] A notice of removal in a civil action:

> shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

[6] To state the rule in full:

> Except as provided in subsection (c), *if the case stated by the initial pleading is not removable*, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added).

Plaintiff asserts that Defendant has improperly relied upon the Agreed Order as the triggering document for removal under 28 U.S.C. § 1446(b)(3). According to Plaintiff, § 1446(b)(3) is inapplicable because complete diversity existed at the time the original Complaint was filed and served upon Defendants, making the action removable at that time and thus not within the scope of § 1446(b)(3). (Doc. No. 8 at 6).[7] Accordingly, Plaintiff argues, Defendant's Notice of Removal is defective because it was not served within thirty days of receipt of the initial pleading, as required by 28 U.S.C. § 1446(b)(1).

Defendant, on the other hand, maintains that complete diversity did not exist at the time the original Complaint was filed, because (according to Defendant) Broadstone ICW, a named defendant in the original Complaint, was a citizen of Tennessee. Therefore, Defendant argues, complete diversity did not exist until Broadstone ICW was dropped from the action via the Agreed Order, at which point the case became removable under 28 U.S.C. § 1446(b)(3). Defendant claims that the filing of its Notice of Removal, having occurred within thirty days after the Agreed Order was issued, was timely under 28 U.S.C. § 1446(b)(3).

Whether the Notice of Removal was timely filed depends on whether complete diversity existed at the time the original Complaint was filed, or only after Broadstone ICW was dropped via the Agreed Order. And the answer to that question turns on whether Broadstone IWC, an LLC, was a citizen of Tennessee for purposes of diversity jurisdiction.

As Defendant correctly notes, "[u]nlike a corporation, an LLC's state of organization does not establish its citizenship."[8] *Akno 1010 Mkt. St. St. Louis Mo. LLC v. Nahid Pourtaghi*, 43 F.4th

---

[7] Plaintiff argues that Defendant and its counsel knew or should have known the action was removable at the time the original Complaint was filed because Defendant's counsel represented all defendants named in the original Complaint. (Doc. No. 8 at 1-2).

[8] Plaintiff's memorandum in support of its motion to remand demonstrates that Plaintiff either was unfamiliar with how citizenship is established for non-corporate entities for purposes of diversity or was

624, 626 (6th Cir. 2022). Instead, "[a] limited liability company (commonly known as an 'LLC') has the citizenship of its members and sub-members." *Akno*, 43 F.4th at 626. "If a member of a limited liability company is itself a limited liability company, the citizenship of the sub-member is at issue." *Lawson v. Swbc Mortg. Corp.*, 2021 U.S. Dist. LEXIS 207023, at *8-9 (M.D. Tenn. Sep. 15, 2021) (citing *Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009)). Furthermore, in determining the citizenship of an individual, "citizenship, for purposes of 28 U.S.C § 1332(a) means domicile rather than residence." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). And, "[t]o acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Id*. (citing *Gilbert*, 235 U.S. at 569-570). "Neither physical presence nor the intention to remain is alone sufficient." *Kendall v. DeLong*, 2020 WL 9813548, *2 (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990)).

Here, Defendant asserts that Broadstone ICW is a limited liability company whose sole member is Broadstone Net Lease, LLC, a company that has "approximately 77 non-managing members."[9] (Doc. No. 9-1). Thus, for purposes of diversity jurisdiction, Broadstone ICW is a

---

unaware that Broadstone ICW is a non-corporate entity (and specifically, a limited). As evidence of this, Plaintiff stated, "[a]t the time this action was commenced . . . Plaintiffs were citizens and residents of the State of Tennessee . . . Driven Brands, Inc., was a Delaware Corporation with its principal office located in Charlotte, North Carolina . . . [and] Broadstone ICW Portfolio, LLC, was a New York limited liability company with its principal office located at 800 Clinton Sq., Rochester, New York." (Doc. No. 8 at 1). Based on this information alone, Plaintiff summarily concluded that "[w]hen the action was commenced, all parties, therefore, were diverse." (*Id*. at 1-2). Notwithstanding Plaintiff's apparent misunderstanding (of either the facts or the law), the Court still grants its Motion given Defendant's failure to meet its burden as discussed in herein.

[9] Given that Broadstone Net Lease is the sole member of Broadstone ICW, the Court herein refers to all members of Broadstone Net Lease as "sub-members" of Broadstone ICW, consistent with *Delay*, 585 F.3d at 1005.

citizen of each and every state of which one or more of its 77 non-managing sub-members are citizens. Defendant points to an affidavit[10] submitted by John D. Callahan, Senior Vice President, General Counsel, and Secretary of Broadstone Net Lease, asserting that "at least one (1) non-managing member is *located* in the State of Tennessee." (Doc. No. 9-1) (emphasis added). From this, Defendant summarily concludes that Broadstone ICW is a citizen of Tennessee for purposes of diversity jurisdiction, and that therefore complete diversity did not exist until Broadstone ICW was dropped from the case.

However, as Plaintiff properly points out, "location" is not sufficient to establish domicile. *See Kendall v. DeLong*, 2020 WL 9813548, *2 (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990)) ("Neither physical presence nor the intention to remain is alone sufficient [to establish domicile in a particular state].)". The affidavit does not describe whether the sub-member that is allegedly "located" in Tennessee (whatever that means) intends to remain in Tennessee indefinitely. Nor does the affidavit (or Defendant's briefing, for that matter) provide any information about whether the sub-member allegedly "located" in Tennessee is a person or a business entity—a lack of information that obscures what it even means to say that the member is "located" there.[11] And Defendant provides no additional evidence or information to support its contention that Broadstone ICW is a citizen of Tennessee for purposes of diversity jurisdiction. It is entirely possible, of course, that the sub-member to which the affidavit refers, or perhaps another

---

[10] The Court reminds Defendant that the Court may, but need not, consider affidavits on a motion to remand. *Crowe*, 113 F.3d at 1538. Here, the Court finds it appropriate to consider the affidavit, but even in doing so, the Court finds that remand is proper.

[11] Had Defendant stated that the sub-member allegedly located in Tennessee was a corporation, for example, and that its "principal place of business" was "located" in Tennessee, that would have been sufficient to establish citizenship. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."). However, Defendant did not make any such assertions.

of the 77 sub-members, is a citizen of Tennessee. But Defendant, as the party bearing the burden of showing that the district court has original jurisdiction over the action, has not demonstrated this to be the case.[12] Accordingly, Defendant has failed to meet its burden.

## CONCLUSION

Defendant has failed to establish that Broadstone ICW was a citizen of Tennessee, and therefore has not met its burden of showing that complete diversity did not exist when the original Complaint was filed. Accordingly, Defendant's Notice of Removal was untimely. Therefore, the Motion (Doc. No. 7) is **GRANTED**.

The Clerk is directed to REMAND this case to Rutherford County Circuit Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRCT JUDGE

---

[12] The Court reiterates that the legal standard on a motion to remand are not favorable to removal in cases of any doubt about its propriety. As previously mentioned, the district court construes all factual ambiguities in favor of the plaintiff. *E.g.*, *Wilkinson*, 294 F. Supp. 2d at 877 (citing *Willy*, 855 F.2d at 1163–64). Moreover, removal petitions are strictly construed, with all doubts resolved against removal. *Gooden*, 181 F. Supp. 3d at 470; *Hughen*, No. 3:20-cv-00236, 2020 WL 2557961, at **3–4.